UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DONOVAN HOLNESS,

              Plaintiff,                               REPORT AND
                                                                        RECOMMENDATION
                                                                        09 CV 2601 (KAM)(RML)
   -against-

NATIONAL MOBILE TELEVISION, INC.,
and VENUE SERVICES GROUP,

              Respondents.
------------------------------------------------------------X

        Plaintiff Donovan Holness ("plaintiff") filed his complaint in this employment discrimination lawsuit on June 18, 2009, naming as defendants National Mobile Television, Inc. ("National Mobile Television") and its subsidiary Venue Services Group ("VSG") (collectively, "defendants"). (See Complaint, dated June 18, 2009 ("Compl.").) Plaintiff now moves for a default judgment under Rule 55 of the Federal Rules of Civil Procedure, alleging that both defendants have failed to timely answer or otherwise respond to the complaint. Plaintiff also moves for a period of third-party discovery on the issue of damages. Finally, he moves for a factual hearing on non-economic damages. By order dated October 14, 2010, the Honorable Kiyo A. Matsumoto, United States District Judge, referred this matter to me for a report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion for a default judgment be granted. Further, plaintiff's requests for damages discovery and for a hearing on non-economic damages are granted.

### BACKGROUND

        Plaintiff, who is African-American, filed his complaint on June 18, 2009, alleging that defendants discriminated against him on the basis of his race and retaliated against him for

having filed lawsuits against his former employer. (See Compl.) The 120-day period for the service of the complaint under Fed. R. Civ. P. 4(m) ended on October 16, 2009. On October 19, 2009, plaintiff served VSG by delivering two copies of the summons and complaint to the office of the Secretary of State of New York. (See Affidavit of Service on VSG, sworn to Oct. 20, 2009 (Dkt. Entry No. 5).) On December 23, 2009, I granted plaintiff's motion for a nunc pro tunc extension of time to provide that service on VSG was timely. (Memorandum and Order, dated Dec. 23, 2009.) I also granted plaintiff an extension of time to serve the summons and complaint on National Mobile Television, up to and including January 15, 2010. (Id.) On December 14, 2009, plaintiff served National Mobile Television by delivering two copies of the summons and complaint to the office of the Secretary of State of New York. (See Affidavit of Service on National Mobile Television, sworn to Dec. 21, 2009 (Dkt. Entry No. 6)).

Defendants have failed to interpose an answer, or otherwise respond to the complaint. On April 27, 2010, plaintiff moved for an entry of default, and on May 3, 2010, the Clerks's Office entered a notation of default against both defendants. (See Clerk's Entry of Default, dated May 3, 2010.) Plaintiff now moves for a default judgment, and defendants have not responded to plaintiff's application. It is well-settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The facts, as outlined by plaintiff, are as follows:

Plaintiff, an audio engineer, was hired by E-J Electric Installation Co. ("E-J Electric") in 1991 to work on the company's contract providing audio-visual broadcasting

services at the United Nations. (Compl. ¶ 9.) During the course of his employment, plaintiff filed two employment discrimination suits against E-J Electric. (Id. ¶ 11.) In 2005, E-J Electric's contract with the United Nations expired and VSG entered into a contract with the United Nations to provide the same services that E-J Electric had provided. (Id. ¶ 12). Although VSG did not initially hire plaintiff, under pressure from plaintiff's labor union, it did so eventually. (Id. ¶ 16.)

However, plaintiff alleges that VSG and its parent company, National Mobile Television, failed to provide him with meaningful work commensurate with his education and experience and refused to allow him to work overtime. (Id. ¶ 17.) In addition, in 2007 and 2008, defendants denied him three promotions for which he was qualified, on account of his "race and/or in retaliation for having filed past employment discrimination lawsuits." (Id. ¶¶ 18–20.) The vacancy notices for these positions specified that a college degree, which plaintiff has, was required; however, these positions were awarded to white men, without college degrees and without plaintiff's industry experience. (Id. ¶ 19.) Finally, plaintiff alleges that defendants constructively discharged him, by giving him "absolutely no work to do for weeks at a time." (Plaintiff's Memorandum of Law, dated Apr. 28, 2010 ("Pl.'s Mem. of Law"), at 6; see also Declaration of Donovan Holness, dated Apr. 27, 2010 ("Holness Decl."), ¶ 19.) Plaintiff seeks economic damages (including lost wages, lost benefits, and front pay), emotional damages, punitive damages, and attorney's fees. (Compl. at 5.)

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure governs the issuance of default judgments and permits the court to enter a judgment against a defendant who fails to defend an

action brought against it. However, because the issuance of a default judgment is considered an "extreme measure," Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 90 (2d Cir. 1993), certain procedural prerequisites must be satisfied. Before moving for a default judgment under Fed. R. Civ. P. 55(b), a plaintiff must first secure "an entry of default" from the Clerk of the Court under Rule 55(a). Once this prerequisite has been met, the decision to grant a motion for entry of a default judgment lies in the sound discretion of the trial court. See Diakuhara, 10 F.3d at 95. In cases where a defendant has neither answered nor appeared in the case, "the Court must first determine whether service of process has been properly effectuated upon the defaulting defendant and, if so, whether the unchallenged facts alleged in the complaint state a legitimate cause of action." Ningbo Home Expo Co. v. Life Sys. Imports, Inc., No. 08-CV-2066, 2010 WL 1459354, at *1 (E.D.N.Y. Feb. 16, 2010) (citations omitted).

    1. Service and Entry of Default

  In this case, plaintiff properly served both defendants through their authorized agents in the office of the Secretary of State of New York, pursuant to New York Business Corporations Law § 306. (See Affidavit of Service on VSG, sworn to Oct. 20, 2009 (Dkt. Entry No. 5); Affidavit of Service on National Mobile Television, sworn to Dec. 21, 2009 (Dkt. Entry No. 6)).[1] Rule 4(c)(1) of the Federal Rules of Civil Procedure permits such service on corporations. After plaintiff moved for entry of default judgment, the Clerk of the Court entered a notation of default on May 3, 2010. (See Clerk's Entry of Default, dated May 3, 2010).

    2. Liability

---

[1] Although plaintiff's service on both defendants occurred after the 120-day deadline for service under Fed. R. Civ. P. 4(m), as a result of my December 23, 2009 order granting plaintiff nunc pro tunc and prospective extensions of his time to serve, it is timely.

Even after properly serving a defendant and securing an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action. See, e.g., Chanel, Inc. v. Schwartz, No. 06-CV-3371, 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007). Plaintiff alleges that defendants discriminated against him on the basis of race by failing to promote him,[2] and he seeks recovery under four separate statutes: Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. § 1981.

All of these statutes prohibit certain types of employment discrimination and all four have the same basic framework for establishing a prima facie case.[3] A plaintiff establishes a prima facie case by showing that at the relevant time: (i) the plaintiff was a member of a protected class; (ii) the plaintiff applied for and was qualified for the job; (iii) the plaintiff was rejected for the position; and (iv) the rejection of the plaintiff's application occurred under circumstances giving rise to an inference of discrimination. Aulicino v. New York City Dep't of Homeless Servs., 580 F.3d 73, 80 (2d Cir. 2009). The burden of proof in establishing a prima facie discrimination case is de minimis. See Zimmermann v. Assocs. First Capital Corp., 251 F.3d 376, 381 (2d Cir. 2001).

---

[2] In his complaint, plaintiff also accuses defendants of retaliating against him for having filed actions against E-J Electric. However, plaintiff has stated that he does not seek default judgment on his retaliation claim and consents to its dismissal, without prejudice. (See Pl.'s Mem. of Law at 5 n.1.) Therefore, I will not address plaintiff's retaliation claim.

[3] See Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001) (Discrimination claims under the Human Rights Laws of New York State and New York City "are evaluated using the same analytical framework used in Title VII actions." (citing Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n.1 (2d Cir. 2000))); Martin v. Citibank, N.A., 762 F.2d 212, 216–17 (1985) (stating that the standard for liability under § 1981 is the same as that under Title VII).

In this case, plaintiff has met his de minimis burden. Plaintiff is African-American and, thus, clearly a member of a protected class. In addition, he avers that he had the minimum qualifications, both in terms of education and experience, necessary for the positions for which he was applying. (Holness Decl. ¶ 12.) Moreover, plaintiff was denied all three promotions for which he applied. (Id. ¶¶ 12, 13.) Because plaintiff was the only African-American employee in his job classification (Id. at 3) and the positions were awarded to white men, without college degrees and without plaintiff's industry experience, the circumstances give rise to an inference of discrimination.

In sum, plaintiff has demonstrated that service on defendants was proper, that neither defendant has answered or moved with respect to the complaint, and that his allegations state a cause of action. I therefore recommend that his motion for a default judgment be granted.

### 3. Damages

Plaintiff states that he does not have complete information concerning his damages and requests permission to conduct discovery on the issue. (Holness Decl. ¶ 21; Pl.'s Mem. of Law at 6.) He requests a period of time during which to conduct third-party discovery on economic damages, as well as a factual hearing regarding his non-economic damages. The court may conduct a hearing or rely on affidavits or other documentary evidence to determine damages. See Fed. R. Civ. P. 55(b)(2); J & J Sports Prods., Inc. v. Peralta, No. 07-CV-3616, 2008 WL 495542, at *3 (E.D.N.Y. Feb. 20, 2008). Because plaintiff does not have all the information necessary to establish his economic damages at this time, I hereby grant him leave to conduct third-party discovery, to be concluded by March 31, 2011. Plaintiff's request for a factual hearing on the extent of his non-economic damages is also granted. That hearing will

take place on March 24, 2011 at 11:00 a.m., in the event this Report and Recommendation is adopted.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for a default judgment be granted. In addition, plaintiff's request for third-party discovery on damages is granted, and is to be to be completed by March 31, 2011. Finally, plaintiff's request for a factual hearing on non-economic damages is granted. In the event this Report and Recommendation is adopted, that hearing will take place on March 24, 2011 at 11:00 a.m. in Courtroom 11B in the U.S. Courthouse, 225 Cadman Plaza East, Brooklyn, NY. Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Matsumoto and to my chambers, within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72, 6(a), 6(e).

                                                                               Respectfully submitted,

                                                                               /s/
                                                    ROBERT M. LEVY
                                                   United States Magistrate Judge

Dated: Brooklyn, New York
       January 6, 2011