```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
DONOVAN HOLNESS,                        NOT FOR PUBLICATION

            Plaintiff,                  **ORDER ADOPTING IN PART AND
                                        MODIFYING IN PART REPORT AND
    -against-                           RECOMMENDATION**

NATIONAL MOBILE TELEVISION, INC.        09-cv-2601(KAM)(RML)
and VENUE SERVICES GROUP,

            Defendants.
------------------------------------X
```
**MATSUMOTO, United States District Judge**:

      Plaintiff Donovan Holness ("plaintiff"), brought this action against defaulting defendants National Mobile Television, Inc. and Venue Services Group ("defendants"), alleging that defendants discriminated against him on the basis of his race and retaliated against him for his prior lawsuits against his former employer,[1] in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), New York State Human Rights Law, Executive Law §§ 290 *et seq.* ("NYSHRL"), and New York City Human Rights Law, Administrative Code §§ 8-101 *et seq.* ("NYCHRL"). (*See generally* ECF No. 1, Compl.)  Presently before the court is a Report and Recommendation ("R&R") issued by Magistrate Judge Levy on January 6, 2011, recommending that this court grant plaintiff's motion for a default judgment against defendants and

---

[1]    Plaintiff has abandoned his retaliation claims.  (*See* ECF No. 10, Mem. in Supp. of Default Judgment at 5 n.1.)

1

granting plaintiff leave to conduct third-party discovery and to establish his damages through a hearing to be held before Judge Levy. (ECF No. 13, Report and Recommendation dated 1/6/2011 ("R&R") at 6-7.)

Notice of the Report and Recommendation was sent electronically to plaintiff on January 6, 2011. (*See* ECF Notice of Electronic Filing accompanying R&R dated 1/6/2011.) Notice and a copy of the Report and Recommendation was sent to defendants to the office of their authorized agents in the Office of the Secretary of State of New York on January 6, 2011. (*See* ECF Docket Entry dated 1/6/2011.) However, the mailing was returned as undeliverable, and a letter was sent to the court, noting that only personal service was accepted at the Office of the Secretary of the State of New York. (*See* ECF No. 14, Mail Returned Undeliverable; ECF No. 15, Ltr. dated 1/24/2011.) Judge Levy then ordered counsel for plaintiff to serve a copy of the Report and Recommendation, along with a copy of that order, on defendants, and to file proof of such service on the electronic docket. (*See* ECF Order dated 1/28/2011.) In his order, Judge Levy noted that any objections the Report and Recommendation had to be filed within fourteen days of the time proof of service was filed by plaintiff. (*Id.*) On February 25, 2011, because no proof of service had yet been filed by plaintiff, the court ordered counsel for the plaintiff to serve a copy of the Report

and Recommendation and of Judge Levy's January 28, 2011 order on defendants, and file a Certificate of Service on the electronic docket by no later than March 2, 2011. (ECF Order dated 2/25/2011.) Plaintiff filed a Certificate of Service on February 28, 2011, certifying that a copy of the Report and Recommendation and Judge Levy's January 28, 2011 order were served on defendants by first class mail. (*See* ECF No. 16, Cert. of Service.)

As explicitly noted on Judge Levy's January 28, 2011 order, any objections to the Report and Recommendation were to be filed within fourteen days of proof of service. (*See* Order dated 1/28/2011.) Because defendants were served by mail, three days are added to their time to file objections, pursuant to Federal Rule of Civil Procedure 6(d). *See* Fed. R. Civ. P. 6(d). The statutory period for filing objections has now expired, and no objections to Judge Levy's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no objection to the Report and Recommendation has been filed, the district court "'need only satisfy itself that there is no clear error on the face of the record.'" *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189

(S.D.N.Y. 1985)).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Judge Levy's thorough and well-reasoned recommendations, the court finds no clear error in Judge Levy's recommendations that the court grant default judgment on plaintiff's Title VII, Section 1981, and NYSHRL claims, and hereby affirms and adopts those portions of the Report and Recommendation as the opinion of the court.

Regarding the NYCHRL claim, the court ultimately agrees with the decision to grant default judgment on this claim, but respectfully modifies the Report and Recommendation regarding the analysis required to evaluate that claim. The Report and Recommendation analyzed the NYCHRL claim using the same analytical framework used in Title VII actions. (*See* R&R at 5 n.3.) However, the Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (the "Restoration Act"), requires that claims brought under the NYCHRL be evaluated separately from their federal and state law counterparts, such as Title VII and the NYSHRL. *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278-79 (2d Cir. 2009) (*citing Williams v. N.Y. City Hous. Auth.*, 872 N.Y.S.2d 27, 31 (N.Y. App. Div. 2009)). The NYCHRL explicitly requires an independent liberal analysis targeted at fulfilling the NYCHRL's "uniquely broad and remedial purposes,"

4

which go beyond those of Title VII and the NYSHRL.  *See id.* at 278 (*quoting* the Restoration Act).

In light of this, the court respectfully modifies the portion of the Report and Recommendation relating to the proper framework to apply when analyzing a NYCHRL claim.  However, the court need not determine precisely how the NYCHRL claim must be analyzed because if a plaintiff satisfies his burden under Title VII, Section 1981, and NYSHRL, then *a fortiori* he satisfies his burden under the more liberal NYCHRL framework.  Here, as discussed by Judge Levy in his Report and Recommendation, plaintiff has established a *prima facie* case of discrimination under Title VII, Section 1981, and NYSHRL, and thus has met his burden with respect to the NYCHRL claim as well.  Consequently, default judgment is also granted on the NYCHRL claim.

Counsel for plaintiff shall serve a copy of this order upon defendants and file a Certificate of Service by March 23, 2011.  Further, plaintiff shall appear before Judge Levy for a hearing on May 25, 2011, as directed by Judge Levy on March 21, 2011, to establish his damages.

**SO ORDERED.**

Dated: March 21, 2011
       Brooklyn, New York

                                          /s/
                                    Kiyo A. Matsumoto
                                    United States District Judge
                                    Eastern District of New York