```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DONOVAN HOLNESS,

                    Plaintiffs,            ORDER ADOPTING REPORT
                                           AND RECOMMENDATION
       -against-
                                           09-CV-2601 (KAM)(RML)
NATIONAL MOBILE TELEVISION, INC. AND
VENUE SERVICES GROUP, INC.,

                    Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

Plaintiff Donovan Holness ("plaintiff") brought this action against his former employer, Venue Services Group, Inc. ("VSG"), and VSG's parent company, National Mobile Television, Inc. (collectively, "defendants"), asserting that defendants discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; New York State Human Rights Law; New York City Human Rights Law; and 42 U.S.C. § 1981. (*See generally* ECF No. 1, Complaint ("Compl.").)

Because defendants did not timely answer the complaint, the court previously granted plaintiff's motion for default judgment by adopting a Report and Recommendation prepared by Magistrate Judge Robert M. Levy. (*See generally* ECF No. 17, Order Adopting in Part and Modifying in Part Report and Recommendation.) Having established defendants' liability pursuant to the default judgment, the court directed plaintiff to

appear before Judge Levy to establish plaintiff's damages, including interest and attorneys' fees.  (*See id*.)

Presently before the court is a Report and Recommendation ("R&R") issued by Magistrate Judge Levy on February 14, 2012, recommending that this court award plaintiff: (1) $177,541.05 in back pay; (2) $50,000 in compensatory damages; (3) $50,000 in punitive damages; (4) pre-judgment interest on plaintiff's back pay award; (5) post-judgment interest on plaintiff's entire monetary award; and (6) $6,920 in attorneys' fees and costs.  (ECF No. 25, Report & Recommendation ("R&R"), at 16.)

The Report and Recommendation directed counsel for plaintiff to serve a copy of the Report and Recommendation on defendants.  (*Id*.)  Counsel for plaintiff did not do so, but on February 15, 2012, the Clerk of the Court sent a copy of the R&R via first-class mail to defendants at four separate mailing addresses.  (*See* Docket Entry dated 2/15/2012.)  Although one of the R&R copies was returned to the court as undeliverable (*see* ECF No. 26), the court finds that, based on the court's records, the mailing address for the undeliverable package was correct and that in any event, defendants received at least one copy of the R&R from the other three addresses.

As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation

were to be filed within fourteen days of receipt of the report. (R&R at 16.) The statutory period for filing objections has expired, and no objections to Magistrate Judge Levy's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a thorough review of the Report and Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Levy's thorough and well-reasoned recommendations, the court finds no clear error in Magistrate Judge Levy's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court, except for the following corrections to mathematical and clerical errors: (1) The total damages award to plaintiffs is $77,541.05, not $177,541.05, as stated on pages 8 and 16 of the R&R; (2) plaintiff seeks $410,257.36 in back pay, not $410,257.38, as stated on page 3 of the R&R; and (3) the

weekly pension amount for technical directors during the November 2007-March 2008 period was $275.74, not $27.57, as stated on page 6 of the R&R.

Accordingly, the court grants plaintiff $77,541.05 in back pay; $50,000 in compensatory damages; and $50,000 in punitive damages. Plaintiff shall be awarded pre-judgment interest on his compensatory damages award, based upon the average rate of return on one-year Treasury bills for the relevant time period between the time the claim arose until the entry of judgment, and plaintiff's counsel is directed to submit a calculation of pre-judgment interest by May 30, 2012, and defendants shall have until June 7, 2012, to object to plaintiff's calculation. Plaintiff is also awarded post-judgment interest pursuant to 28 U.S.C. § 1961(a) on the entire damage award. The court also awards plaintiff $6,920 in attorneys' fees and costs.

Counsel for plaintiff shall serve a copy of this Memorandum and Order upon defendants and file a declaration of service by May 17, 2012.

**SO ORDERED.**

Dated:   May 15, 2012
         Brooklyn, New York

_____ __/s/_____
Kiyo A. Matsumoto
United States District Judge

4